UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

GIBRALTAR TRADING CORP.,

        Plaintiff,

  - against -

PMC SPECIALTIES GROUP, INC.,

        Defendant.

REPORT AND
RECOMMENDATION

CV 2010-3966 (SJ)(MDG)

- - - - - - - - - - - - - - - - - - X

Go, United States Magistrate Judge:

    Plaintiff Gibraltar Trading Corp. ("Gibraltar") moves to remand this action to the Supreme Court of New York, Queens County for lack of subject matter jurisdiction. Defendant PMC Specialties Group, Inc. ("PMC") opposes the motion to remand and moves to transfer the action to the United States District Court for the Southern District of Ohio. The Honorable Sterling Johnson, Jr. has referred both motions to me to report and recommend.

BACKGROUND

    Defendant PMC, a Delaware corporation with its principal place of business in Cincinnati, Ohio, engages in the business of importing saccharin from China and other countries for sale in the United States. Verified Complaint at ¶ 2 (attached to Notice of Removal). Plaintiff Gibraltar is also a Delaware corporation

and has its principal place of business in Queens, New York.  Id. at ¶ 1.  Gibraltar engages in the business of importing saccharin and supplying imported saccharin to domestic saccharin wholesalers.  Id.

The disputes over the sale of saccharin which gave rise to this action also gave rise to an action brought in the United States District Court for the Southern District of Ohio against PMC by two other corporations.  See ct. doc. 18-4 ("Ohio Complaint").  In this action, Gibraltar alleges that PMC regularly purchased saccharin from Gibraltar by purchase order emailed to Gibraltar's place of business.  Verified Complaint at ¶ 3.  On May 30 and July 29, 2008, PMC sent seven purchase orders to Gibraltar by email to purchase saccharin.  Id. at ¶¶ 4, 11, 18, 25, 32, 39, 46; Affidavit of Malcolm Seymour dated September 20, 2010 at ¶ 4, Exh. B (ct. doc. 20-1).  Gibraltar caused the saccharin to be delivered to PMC but Gibraltar alleges that PMC has failed to pay for it.  Verified Complaint at ¶¶ 5-6, 12-13, 19-20, 26-27, 33-34, 40-41, 47-48.  PMC claims that it prepaid for the saccharin to an entity named Shanghai Fortune Chemical Company ("Shanghai") and that Gibraltar acted as Shanghai's shipping agent.  Notice of Removal at ¶¶ 7, 9.  Shanghai is a company organized under the laws of the People's Republic of China ("P.R.C.") with a principal place of business in China.  Id. at ¶ 8.

On July 8, 2010, Shanghai and Majestic International Trading

Co., Ltd., an exporter of products shipped from the P.R.C. organized in Hong Kong, commenced suit against PMC in the United States District Court for the Southern District of Ohio seeking to recover payment for two purchase orders with Shanghai for OCBS-M, a chemical used in making saccharin, which was shipped to PMC. On July 29, 2010, PMC filed counterclaims against Shanghai and Majestic claiming that the goods sold failed to meet contractual warranties. PMC also filed a third-party complaint against Gibraltar alleging that the same seven shipments of saccharin at issue in the instant litigation did not meet contractual warranties.

Gibraltar commenced this action in Queens County Supreme Court on July 27, 2010 and served PMC with the summons and complaint on or about July 30, 2010. Ct. doc. 1 at ¶ 4. PMC removed the action to this Court on August 30, 2010, asserting federal question jurisdiction because the claims are governed by the United Nations Convention on Contracts for the International Sale of Goods ("CISG"). Id. at ¶ 2.

Meanwhile, in the Ohio action, PMC moved to dismiss Shanghai and Majestic's state law claims for breach of contract and unjust enrichment on the ground they are preempted by the CISG. Gibraltar countered with a motion to dismiss PMC's third-party complaint for lack of subject matter jurisdiction claiming inapplicability of the CISG and a lack of diversity between PMC and Gibraltar.

Similarly, plaintiff argued in its motion to remand filed in this action that subject matter jurisdiction is lacking because the claims do not fall under the CISG. Defendant followed with its motion to transfer the action to the Southern District of Ohio. After the parties fully briefed the instant motions, United States District Judge Michael R. Barrett ruled on the motions pending in the Ohio action. See order filed on 3/11/11 attached to letter of Malcolm Seymour (ct. doc. 26). Judge Barrett held that the CISG applied to the sale of goods between PMC and Shanghai and Majestic and granted PMC's motion to dismiss the state law claims on preemption grounds. See ct. doc. 26 at pp. 4-12. However, the court concluded that the CISG was not applicable to PMC's claims against Gibraltar because they are both U.S. corporations and thus not "parties whose places of business are in different States" within the meaning of the CISG. Nevertheless, the court exercised supplemental jurisdiction over the state law claims brought by PMC against Gibraltar and denied Gibraltar's motion to dismiss.

Gibraltar now further argues in support of its motion to remand that the decision of the Ohio Court must be given preclusive effect and is dispositive of the question of subject matter jurisdiction. PMC argues that this action should be transferred to the Ohio court in the interest of efficiency.

DISCUSSION

Central to resolution of the motions before the Court is the order in which the motions should be addressed. The Second Circuit has noted that "[c]ustomarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case." Cantor Fitzgerald, L.P. v. Peaslee, 88 F.3d 152, 155-156 (2d Cir. 1996). As the Supreme Court explained in Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 586-588 (1999), where subject-matter jurisdiction is easily resolved, "a district court will ordinarily conclude that 'federalism concerns tip the scales in favor of initially ruling on the motion to remand. . . [because] both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of [the subject-matter] issue first." However, the Court rejected the view that subject-matter must always be decided first and instead, recognized that "the district court may find that concerns of judicial economy and restraint are overriding." Id. at 586. Thus, the Court upheld the discretion of the lower court to address the question of personal jurisdiction first rather than considering whether subject-mater jurisdiction existed. Id. 586-87.

In Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., the Supreme Court acknowledged the discretion of federal courts to address a motion to dismiss a case on the ground of forum non

conveniens without first considering subject matter jurisdiction. 549 U.S. 422 (2007). The Court held that not only is there no "mandatory 'sequencing of jurisdictional issues,' ... a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" Id. at 431 (quoting Ruhgas, 526 U.S. at 584-85; Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 101-02 (1998)). So long as a district court does not make a determination on the merits, it may bypass questions of subject-matter jurisdiction to dispose of the action on other threshold grounds. Id. at 431-32. Like the dismissal on forum non conveniens grounds at issue in Sinochem, ordering transfer to the Ohio court pursuant to section 1404(a) is not a determination on the merits, but merely "a determination that the merits should be adjudicated elsewhere." Id. at 432; see In re LimitNone, LLC, 551 F.3d 572, 577-78 (7th Cir. 2008) (denying petition for writ of mandamus to challenge transfer order issued prior to determining subject matter jurisdiction).

In this case, the concerns of efficiency are compelling to warrant consideration of the motion to transfer first (even though the issue of subject matter jurisdiction is also straightforward, as discussed below). The Sinochem Court found that generally, jurisdiction should be decided first because "both judicial economy and the consideration ordinarily accorded the plaintiff's choice of form 'should impel the federal court to dispose of those issues first.'" 549 U.S. at 436 (quoting

Ruhrgas, 526 U.S. at 587-88). However, in this case, where claims are already pending in another district court regarding the same shipments of saccharin, judicial economy weighs heavily in favor of granting the motion to transfer to Ohio rather than remand to Queens County Supreme Court. In addition, the consideration ordinarily accorded the plaintiff's choice of forum is not present because Gibraltar commenced this action only three days before PMC filed its claims against Gibraltar in the Ohio action. Gibraltar is already involved in litigation in Ohio and remand would subject both parties to litigating the same issues before two courts in two different states.

The concerns of judicial economy that weigh in favor of deciding the motion to transfer first involve many of the same considerations that weigh in favor of transfer. "A district court may exercise its discretion to transfer venue 'for the convenience of parties and witnesses, in the interest of justice.'" N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010); 28 U.S.C. § 1404(a). Among the factors considered in determining whether to grant a motion to transfer are: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the plaintiff's choice of forum; (7) the relative means of the

parties; (8) the familiarity of the courts with the governing law; and (9) trial efficiency and the interest of justice. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006); Hummingbird USA, Inc. v. Texas Guaranteed Student Loan Corp., No. 06 Civ. 7672, 2007 WL 163111, at *2 (S.D.N.Y. Jan. 22, 2007); Mears v. Montgomery, No. 02 Civ. 0407, 2004 WL 964093, at *8 (S.D.N.Y. May 5, 2004).

Were there not a suit in Ohio already, the factors involving the convenience of witnesses, parties and the location of documents would not weigh strongly in favor of either party. PMC's witnesses and documents are located in Ohio and Gibraltar's witnesses and documents are located in New York. Neither party has identified any non-party witnesses whose testimony would be sought. The locus of operative facts tip slightly in favor of transfer since the purchase order issued from Ohio and the saccharin was shipped to and stored at PMC's facility there.

However, "'[b]eyond these particular concerns, a district court has discretion to transfer an action to where the trial would best be expedient and just.'" Googins v. Alliance Capital Mgmt., 279 F. Supp. 2d 228, 234 (S.D.N.Y. 2003) (quoting In re Nematron Corp. Sec. Litig., 30 F. Supp. 2d 397, 399 (S.D.N.Y. 1999)). Transfer here is especially appropriate in light of the "strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby

saving time and expense for both parties and witnesses, and inconsistent results can be avoided." Wyndham Assocs. v. Bintliff, 398 F.2d 614, 618 (2d Cir. 1968); see Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960) ("to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent").  The claims in both actions concern the same purchase orders and the same shipments of saccharin which Gibraltar alleges were not paid for and PMC alleges did not satisfy the contractual warranties.  Because the existence of the related action pending in Ohio is determinative of the transfer issue, see Rabbi Jacob Joseph Sch. v. Province of Mendoza, 342 F. Supp. 2d 124, 130-31 (E.D.N.Y. 2004); Goggins, 279 F. Supp. 2d at 234, I recommend ordering transfer of this action to the Southern District of Ohio.

However, if the Court decides that the issue of subject matter jurisdiction should be addressed first, I would recommend ordering remand.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Caterpillar Inc. v. Lewis, 519 U.S. 61, 62 (1996).  It is undisputed that the parties to this action are not diverse.  Thus, subject matter jurisdiction must be founded on federal question jurisdiction.

PMC claims that jurisdiction is proper because this action is governed by the CISG. Gibraltar responds that the decision of the Ohio court is dispositive of federal question jurisdiction since the court found that "the CISG is not applicable to PMC's claims against Gibraltar" because both are U.S. corporations.

"The preclusive effect of a federal court judgment is determined by federal common law." Taylor v. Sturgell, 553 U.S. 880, 891 (2008). Issue preclusion or collateral estoppel "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." Id. (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001). "By 'precluding parties from contesting matters that they have had a full and fair opportunity to litigate,' these two doctrines protect against 'the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." Id. (quoting Montana v. United States, 440 U.S. 147, 153-54 (1979)).

Clearly, the Ohio court's determination regarding the inapplicability of the CISG to the dispute between Gibraltar and PMC is entitled to preclusive effect. The issue was actually litigated by both parties and resolved by the Ohio court.

PMC contends that because the Ohio court exercised supplemental jurisdiction over PMC's claims against Gibraltar "federal jurisdiction remains applicable and this Court should

transfer."  However, "[t]he district court . . . cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction."  Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182 (2d Cir. 1996).  "Supplemental jurisdiction, therefore, may only be exercised in the same action that furnishes the basis for exercise of supplemental jurisdiction; not in a separate or subsequent case."  Corporate Visions, Inc. v. Sterling Promotional Corp., 2000 WL 33217350, at *1 (E.D.N.Y. 2000).

Accordingly, if the Court decides the subject matter jurisdiction issue first, I recommend granting the motion to remand and not reaching the motion to transfer.  See Wyly v. Milberg Weiss Bershad & Shulman, 2005 WL 1606034, at *1 n.1 (S.D.N.Y. 2005); Leeds, Morelli & Brown, P.C. v. Hernandez, 2005 WL 2148994, at *3 (E.D.N.Y. 2005).

## CONCLUSION

For the foregoing reasons, I respectfully recommend PMC's motion to transfer be decided first and that the Court transfer this action to the Southern District of Ohio in the interest of justice and judicial efficiency.  In the alternative, if the Court decides the motion to remand first, I respectfully recommend that Gibraltar's motion to remand be granted.

This report and recommendation will be filed and sent to the parties electronically on this date.  Any objections must be

filed with the Clerk of the Court, with a copy to the Honorable Sterling Johnson, Jr. and the other party, on or before May 31, 2011.  Failure to file timely objections may waive the right to appeal the District Court's Order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SO ORDERED.**

Dated:     Brooklyn, New York
           May 12, 2011

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE