UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

GIBRALTAR TRADING CORP.,

        Plaintiff,

        v.

PMC SPECIALTIES GROUP, INC.,

        Defendant.

-------------------------------------------------X

10 CV 3966 (SJ) (MDG)

<u>ORDER ADOPTING IN
PART REPORT AND
RECOMMENDATION</u>

APPEARANCES

GARVEY SCHUBERT BARER
100 Wall Street
20th Floor
New York, NY 10005
By:   Andrew J. Goodman
Attorneys for Plaintiff

MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP
190 Willis Avenue
Mineola, NY 11501
By:   Richard Michael Howard
Attorneys for Defendant

JOHNSON, Senior District Judge:

      Plaintiff Gibraltar Trading Corp. ("Gibraltar") filed suit in New York State court alleging breach of contract claims against Defendant PMC Specialties Group ("PMC"). PMC removed the case to federal court. Gibraltar opposed the motion

1

to remand and moved to transfer the action to the United States District Court for the Southern District of Ohio.

In November 2010, the motions were referred to Magistrate Judge Marilyn D. Go for a Report and Recommendation ("Report").[1] On May 12, 2011, Magistrate Judge Go issued a Report recommending that: (1) this Court should decide PMC's motion to transfer first and the motion to transfer should be granted; or (2) in the alternative, if the Court decides Gibraltar's motion to remand first, that motion should be granted. (Report at 5–11 (Docket Entry ("DE") No. 41).) Gibraltar timely filed a motion to confirm in part and modify in part the Report; PMC opposed. (See DE Nos. 30, 35, 36.)[2] For the following reasons, the Court adopts only the Report's recommendation to grant the motion to remand.

## BACKGROUND

The following summary is derived from the Report. PMC imports saccharin from China and other countries for sale in the United States; Gibraltar imports saccharin and supplies it to domestic wholesalers. In 2008, PMC purchased saccharin from Gibraltar and submitted seven purchase orders to Gibraltar via email. Gibraltar had the saccharin delivered to PMC but has not received payment. PMC states that prepayment for the saccharin was submitted to

---

[1] The Clerk of Court is directed to append the Report to this decision.
[2] The Court construes Gibraltar's motion as objections to the Report and PMC's opposition as a response to objections. See 28 U.S.C. § 636.

2

P-049

a Chinese entity named Shanghai Fortune Chemical Company ("Shanghai") and that Gibraltar is Shanghai's shipping agent.

In July 2010, Shanghai and Majestic International Trading Co., Ltd. ("Majestic"), a Chinese exporter (collectively, "the Foreign Companies"), filed suit against PMC in the United States District Court for the Southern District of Ohio ("Ohio Court"), alleging state law claims for breach of contract and unjust enrichment. The complaint alleged that Shanghai delivered two shipments of OCBS-M, a chemical used in making saccharin, to PMC but did not receive payment. PMC filed counterclaims against the Foreign Companies alleging that the goods sold fail to meet contractual warranties. PMC also filed a third-party complaint against Gibraltar alleging that the seven shipments of saccharin for which it submitted prepayment also do not meet contractual warranties.

Also in July 2010, Gibraltar commenced the instant action in Queens County Supreme Court and served PMC with the summons and complaint on or about July 30, 2010. In August 2010, PMC removed the action to this court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, asserting federal question jurisdiction because the claims are governed by the United Nations Convention on Contracts for the International Sale of Goods ("CISG").

A series of filings ensued in the Ohio Court and in this Court. In the Ohio Court, PMC moved to dismiss the Foreign Companies' state law claims as preempted by the CISG. In addition, Gibraltar filed a motion to dismiss PMC's

third-party complaint for lack of subject matter jurisdiction. In this Court, Gibraltar moved, in August 2010, to remand the New York action back to Queens County Supreme Court. In September 2010, PMC moved to transfer this case to the Ohio Court.

Meanwhile, on March 3, 2011, the Ohio Court ruled that the CISG applies to PMC's state law claims against the Foreign Companies and therefore granted PMC's motion to dismiss the claims. (See Ohio Court Op. & Order at 4–6, Pl. Mot. Ex. D, DE No. 30.) The Ohio Court also ruled that the CISG does not apply to PMC's third-party claims against Gibraltar because both companies are domestic corporations. (Ohio Court Op. & Order at 7.) However, the Ohio Court elected to exercise supplemental jurisdiction over PMC's third-party claims against Gibraltar because it has jurisdiction over PMC's claims against the Foreign Companies and therefore denied Gibraltar's motion to dismiss PMC's third-party complaint. (Ohio Court Op. & Order at 6–8.)

The Report concludes that the motion to transfer should be decided before the motion to remand in the interest of judicial economy. (Report at 6.) According to the Report, the Court may bypass questions of subject matter jurisdiction to dispose of the action on other grounds, so long as the Court does not make a determination on the merits. (Report at 6 (citing Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431–32 (2007), Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584–85 (1999), and In re LimitNone, LLC, 551 F.3d 572, 577–

4

78 (7th Cir. 2008).) In this case, claims are already pending in the Ohio Court regarding the same shipments of saccharin, and remand would subject the parties to litigating the same issues before the Ohio Court and the Queens County Supreme Court. (Report at 7.) In light of the ongoing litigation in the Ohio Court, the Report concludes that transfer is appropriate and therefore recommends granting PMC's motion to transfer. (Report at 8–9.)

In the alternative, the Report recommends that, if the Court decides the issue of subject matter jurisdiction first, then remand is appropriate pursuant to 28 U.S.C. § 1447(c), which states that the case "shall be remanded" if the court finds that subject matter jurisdiction is lacking. (Report at 9.) In this case, the only basis for subject matter jurisdiction is federal question jurisdiction, because it is undisputed that the parties are not diverse. (Report at 9.) The Report finds, however, that PMC's only basis for removal—i.e., federal question jurisdiction because the CISG governs this action—is precluded because the Ohio Court already ruled that the CISG does not apply to PMC's claims against Gibraltar. (Report at 10.) Accordingly, the Report concludes that if the Court decides the motion to remand first, that motion should be granted. (Report at 11.)

## DISCUSSION

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court

5

proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 14 days of service of the recommendation, any party may file written objections to the magistrate's report. See id.

If either party objects to the magistrate judge's recommendations, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See id.; see also Fed. R. Civ. P. 72(b)(3); United States v. Tortora, 30 F.3d 334, 337 (2d Cir. 1994). A de novo determination entails an independent review of all objections and responses to the magistrate's findings and recommendations. See, e.g., Tortora, 30 F.3d at 337–38; cf. Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc., 973 F.2d 1033, 1045 (2d Cir. 1992).

Gibraltar objects to Magistrate Go's conclusions that the Court may decide the motion to transfer first and urges the Court to adopt the alternative recommendation to grant the motion to remand. (Pl. Mot. at 6–10.) In response, PMC argues that the Report properly relied on Sinochem, Ruhrgas, and In re LimitNone for the proposition that the Court may exercise its jurisdiction to determine whether to transfer venue before ruling on issues of jurisdiction. (See Def. Opp. at 3–5.) According to PMC, transfer of this case to the Ohio Court is warranted in the interests of judicial economy, without consideration of the motion to remand. (Def. Opp. at 6–9.)

P-049

*The Court Will Decide the Motion to Remand First*

The Supreme Court has stated that if subject matter jurisdiction is easily resolved, "a district court will ordinarily conclude that federalism concerns tip the scales in favor of initially ruling on the motion to remand." Ruhrgas, 526 U.S. at 586 (citation omitted). "In the mine run of cases, jurisdiction 'will involve no arduous inquiry' and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum 'should impel the federal court to dispose of [those] issue[s] first.'" Sinochem, 549 U.S. at 436 (citing Ruhrgas, 526 U.S. at 587–88).

The Second Circuit has also held that "[c]ustomarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case." Cantor Fitzgerald, L.P. v. Peaslee, 88 F.3d 152, 155 (2d Cir. 1996). District courts have followed the same course of action. See, e.g., FindWhat.com v. Overture Services, Inc., No. 02 Civ. 447, 2003 WL 402649, at *3 (S.D.N.Y. Feb. 21, 2003) ("Before a district court can consider a motion to transfer, it must determine whether it has subject-matter jurisdiction."); Levitt v. State of Maryland Deposit Ins. Fund Corp., 643 F. Supp. 1485, 1489 n.3 (E.D.N.Y. 1986) (Wexler, J.) ("Federal courts must . . . find the existence of subject-matter jurisdiction before they may entertain a motion to transfer.") (citation omitted).

In some instances, however, "a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" Sinochem, 549 U.S. at 431 (citing Ruhrgas, 526 U.S. at 585). In Sinochem, the district court was unsure whether it had personal jurisdiction over the defendant, a Chinese state-owned importer, but dismissed the case on the ground of forum non conveniens because the case could be more adequately and conveniently adjudicated abroad. Id. at 428. The Supreme Court upheld the district court's dismissal, in part because it was unnecessary to address the challenging jurisdictional issue when the court would inevitably dismiss the case based on a well-considered forum non conveniens appraisal. Id. at 435. Similarly, in Ruhrgas, the Supreme Court held that a district court did not abuse its discretion by dismissing a case for lack of personal jurisdiction before ruling on a motion to remand for lack of subject matter jurisdiction, where the subject matter jurisdiction issue presented a difficult and novel question. 526 U.S. at 587–88. And in In re LimitNone, the Seventh Circuit upheld the discretion of the district court to transfer venue without determining whether it had subject matter jurisdiction because of "the relative ease of determining venue before subject matter jurisdiction." 551 F.3d at 576.

Although these cases acknowledge a district court's limited discretion in deciding between threshold grounds for denying audience, they are distinguishable from the facts here. In Sinochem and Ruhrgas, the outcome would have been dismissal, whether the court ruled on subject matter jurisdiction first or not. In

8

P-049

contrast, deciding PMC's motion to transfer first would not result in dismissal, but would improperly maintain federal jurisdiction and transfer the action to the Ohio Court. Most importantly, the jurisdictional questions in Sinochem and Ruhrgas (and in In re LimitNone, to some extent) were not easily resolved. In this case, as will be explained below, the Court does not find that resolution of subject matter jurisdiction here is an "arduous inquiry" that requires the Court to decide PMC's motion to transfer first. Accordingly, the Court rejects the Report's recommendation to decide the motion to transfer first, and instead turns to the motion to remand.

*The Motion to Remand Is Granted*

Removal is permitted only where the Court has original jurisdiction, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §§ 1441(a), 1447(c); Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 571 (2004). The only possible basis for subject matter jurisdiction here is federal question jurisdiction under 28 U.S.C. § 1331, as it is undisputed that the parties are not diverse. See 28 U.S.C. § 1441(b) (noting that a district court has original jurisdiction over claims arising under federal law or based on diverse citizenship of the parties).

PMC asserts that the Court has federal question jurisdiction because this action is governed by the CISG, a United States Treaty. (See Notice of Removal

9

¶ B.2, Pl.'s Mot. Ex. C.) But the Ohio Court ruled that the CISG is not applicable to PMC's claims against Gibraltar in that action because both parties have their place of business in the United States, not in two different treaty-signatory countries. (See Ohio Court Op. & Order at 7.) As the Report reasoned, the Ohio Court ruling has preclusive effect on the claims in this case because the issue was actually litigated between Gibraltar and PMC. Even if the Ohio Court's ruling decision did not have preclusive effect, this Court similarly would conclude that the CISG does not apply to the claims between Gibraltar and PMC.

Finally, PMC urges the Court to adopt the Report's findings that the motion to transfer should be granted. But "[i]f the Court does not have jurisdiction, it does not have power to decide the defendant['s] motions." County of Nassau v. New York, 795 F. Supp. 2d 295, 300 (E.D.N.Y. 2010) (Bianco, J.) (citing Broder v. Cablevision Sys. Corp., 418 F.3d 187, 194 (2d Cir. 2005)); see also Leeds, Morelli & Brown, P.C. v. Hernandez, No. 05-CV-1135, 2005 WL 2148994, at *3 (E.D.N.Y. Sept. 6, 2005) (Irizarry, J.) ("Since this court lacks subject matter jurisdiction over the instant matter, no order transferring the case may be issued.").

## CONCLUSION

For the foregoing reasons, the Court adopts the portion of the Report granting Plaintiff's motion to remand and rejects the portion of the Report granting Defendants' motion to transfer. The Clerk of Court is directed to mail a certified

copy of this order and Magistrate Judge Go's Report, pursuant to 28 U.S.C. § 1447(c), to the Clerk of Supreme Court of the State of New York, Queens County; terminate any pending motions; and close the case.

**SO ORDERED.**

DATED: August 10, 2011
        Brooklyn, New York         Hon. Sterling Johnson, Jr., Senior U.S.D.J.

11

P-049