UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

GIBRALTAR TRADING CORP.,

        Plaintiff,

    v.

PMC SPECIALITES GROUP, INC.,

        Defendant.

----------------------------------------------------X

10 CV 3966 (SJ) (MDG)

ORDER REMANDING
THE ACTION TO
STATE COURT

A P P E A R A N C E S

DORSEY & WHITNEY
51 W52nd Street
New York, NY 10019
By:   Joshua N. Colangelo-Bryan
Attorneys for Plaintiff

O'CONNOR, O'CONNOR, HINTZ & DEVENEY
One Huntington Quadrangle
Melville, NY 11747
By:   Kevin James Murtagh
Attorneys for Defendant

JOHNSON, Senior District Judge:

    The facts and circumstances surrounding this action are more fully set forth in Magistrate Judge Marilyn D. Go's Report and Recommendation ("Report") of May 12, 2011 and this Court's August 16, 2011 order (the "August 16 Order") adopting the Report and closing the case. Familiarity with each is assumed.

1

Briefly, plaintiff Gibraltar Trading Corporation ("Gibraltar") and defendant PMC Specialist Group, Inc. ("PMC"), two Delaware corporations, entered into a series of contracts in 2008 wherein Gibraltar provided imported saccharine and supplies to PMC.  After allegedly failing to receive payment on seven purchase orders, Gibraltar filed an action in the Supreme Court of Queens County against PMC.  In July 2010, PMC removed that action to this Court, invoking the United Nations Convention on Contracts for the International Sale of Goods ("CISG") as the basis of jurisdiction.  In that same month, two foreign entities, Majestic International Trading Company and Shanghai Chemical Company, filed suit in the United States District Court for the Southern District of Ohio against PMC, alleging breach of contract and unjust enrichment.  PMC filed a third-party complaint against Gibraltar in that action (the "Ohio Action").

Following a series of filings, the Ohio court determined that the CISG did not apply to PMC's claims against Gibraltar because both PMC and Gibraltar are domestic corporations.  Subsequently, Gibraltar moved this Court to remand the instant action for want of subject matter jurisdiction.  On August 16, 2011, Gibraltar's motion was granted and the matter closed and remanded to state court. The August 16 Order cited the preclusive effect of the Ohio court's determination that the CISG does not apply to claims between two domestic corporations and noted that, even in the absence of collateral estoppel, this Court would similarly find federal subject matter jurisdiction to be lacking.

Nevertheless, on April 19, 2012, PMC removed the state court action to this Court for a second time. Gibraltar thereafter moved to re-remand the action for essentially the same reasons given in its initial motion to remand, as well as in this Court's August 16 Order. On September 7, 2012, the parties appeared before the Court, wherein PMC argued that a March 20, 2012 order in the Ohio Action (the "March 20 Order") now establishes federal question jurisdiction. This Court reviewed the March 20 Order. That order does not find that PMC and Gibraltar are no longer domestic corporations. Nor does it find that that PMC and Gibraltar, two Delaware corporations, are diverse. It does not modify or vacate its order finding that the CISG does not apply to disputes between PMC and Gibraltar, an order that, as stated, supra, has preclusive effect. Nor does it bear on this Court's independent determination that the CISG does not apply to this action. PMC's arguments to the contrary are attenuated at best and spurious at worst. As a result, and for the reasons stated on the record on September 7, 2012, this Court granted Gibraltar's motion to remand this action to the Supreme Court of Queens County.

Accordingly, the Clerk of the Court is directed to close the case.

**SO ORDERED.**

DATED: October 1, 2012  
          Brooklyn, New York

                                       */s/ Sterling Johnson, Jr.*  
                                       Sterling Johnson, Jr., Senior U.S.D.J.